DAVID M. GILMORE, #105429
dgilmore@gwvm.com
GILMORE, WOOD, VINNARD & MAGNESS
P.O. Box 28907
Fresno, CA  93729-8907
Telephone: (559) 448-9800
Facsimile: (559) 448-9899

Attorneys for Transamerica Life Insurance
Company, an Iowa corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY, an Iowa corporation,<br><br>Plaintiff,<br><br>v.<br><br>GARY SHUBIN, ROBERTO GARCIA, and JAMES SHUBIN,<br><br>Defendants. | CASE NO. 1:11-CV-01958-LJO-SKO<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR ORDER OF DISCHARGE AND AWARD OF COSTS AND ATTORNEY FEES**<br><br>Judge: Lawrence J. O'Neill<br>Date:  March 26, 2012<br>Time:  8:30 a.m.<br>Crtrm.: 4. Seventh Floor |

I.

INTRODUCTION

On or about April 27, 1990, Pacific Fidelity Life Insurance Company, now known as Transamerica, issued a Deferred Annuity ("Annuity"), Policy number EG111-0200X035648, from an Executive Life Annuity transfer roll over to Annuitant/Owner, Jeri Wood-Shubin ("Wood-Shubin").[1]  As of her death, Wood-Shubin had designated James Shubin ("James"), Gary Shubin ("Gary") and Roberto Garcia ("Garcia"), equally, as

---

[1] All facts, unless otherwise stated, are from the Declaration of Tracy Martin, filed herewith.

GILMORE, WOOD,
VINNARD & MAGNESS
A PROFESSIONAL CORPORATION
P.O. BOX 28907
FRESNO, CA 93729-8907

9210-0\00268898.000

1:11-CV-01958-LJO-SKO
MEMORANDUM OF POINTS & AUTHORITIES

beneficiaries of the death benefit proceeds available pursuant to the terms of the Annuity. As of September 14, 2011, the value in the Annuity was $342,792.83.

During the lifetime of Wood-Shubin, several changes of beneficiaries were executed and filed with Transamerica. At various times, beneficiary designations included James, Gary, Nick Shubin and Garcia. These Beneficiary Annuity Policy Change Forms were received by Transamerica and were made part of the Annuity.

Wood-Shubin died on or about June 29, 2011. Req. Jud. Not., ¶ 1. Transamerica received a telephonic notice that Wood-Shubin had died and that the beneficiaries required claim forms. On September 14, 2011, Transamerica mailed information regarding the status of the Annuity, as well as the appropriate claim forms for completion and filing to Gary, James, and Garcia.

On October 3, 2011, Transamerica received the Annuity Claimant's Statement from Garcia, dated September 26, 2011. Shortly after receipt of Garcia's Claimant Statement, Transamerica became aware that a lawsuit had been filed in the Superior Court of California, County of Fresno, Central Division, on August 25, 2011, against Garcia. The case is captioned *Evelyn Lauderdale, as Trustee of the Jeri L. Shubin 2007 Trust v. Roberto Garcia, an individual, and Does 1 through 25, inclusive*, Case Number 11 CECG02841. Req. Jud. Not., ¶ 2. The Complaint details causes of action, against Garcia, for Fraud—Intentional Misrepresentation, Emotional Distress, Elder Abuse, Conversion, Specific Performance, and an Accounting. *Id.*

The Complaint alleges that as a result of dementia, Wood-Shubin's mental capacity and physical capacity deteriorated such that Wood-Shubin was required to increasingly rely upon the care of third parties for her physical and mental well-being. *Id.* The allegations further state that Garcia assumed an ever increasing role in Wood-Shubin's life and began to dominate and control her daily routine and financial affairs. *Id.* The Complaint concludes that Wood-Shubin lacked the required mental capacity to protect herself from the influence and coercion of Garcia. *Id.* Additionally, it is alleged that Garcia, over time, converted assets and resources of Wood-Shubin for his own benefit and

GILMORE, WOOD,
VINNARD & MAGNESS
A PROFESSIONAL CORPORATION
P.O. BOX 28907
FRESNO, CA 93729-8907

9210-0\00268898.000

2

1:11-CV-01958-LJO-SKO
MEMORANDUM OF POINTS & AUTHORITIES

that he intended to deprive Wood-Shubin of control over those assets and resources. *Id.* As a result of the claims in the pending suit against Garcia, Transamerica is concerned that the last beneficiary change by the decedent, which was made during the same time frame, will be challenged as well. Transamerica thus filed this suit in order to interplead the funds and avoid any disputes arising out of that claim.

Gary and Garcia were served with the complaint on December 17, 2011. Doc. 7, 8. Garcia filed his answer on January 3, 2012. Doc. 9. Gary did not respond and his default was taken on January 23, 2012. Doc. 11. James Shubin was subserved on January 19, 2012. All parties have been served with notice. Transamerica has an obligation to pay out the proceeds of the Annuity, but has no stake in any dispute between the beneficiaries and the Trustee of Woods-Shubin's estate. Transamerica is prepared to deposit the Annuity proceeds with the Court and leave it to the beneficiaries to either agree to a distribution or contest the distribution.

II.

THIS CASE IS PROPER FOR INTERPLEADER

Under the Federal Rules of Civil Procedure, "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. Rules Civ. Proc., Rule 22. Interpleader is a procedural device which enables a person holding money or property belonging to another to join two or more parties asserting mutually exclusive claims to the fund in a single action. *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1265 (9th Cir. 1992); see also 28 U.S.C. § 1335. This allows the plaintiff to avoid the multiple liability which might result from inconsistent adverse determinations of liability in separate suits. *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1033 (9th Cir. 2000).

There are two forms of interpleader under federal law. Federal Rule of Civil Procedure 22 permits interpleader where a plaintiff may be exposed to double or multiple liability, and where subject matter jurisdiction is established under the general statutes governing federal jurisdiction. *Bayona*, 223 F.3d at 1033. Alternatively, the federal

GILMORE, WOOD,
VINNARD & MAGNESS
A PROFESSIONAL CORPORATION
P.O. BOX 28907
FRESNO, CA 93729-8907

9210-0\00268898.000

3

1:11-CV-01958-LJO-SKO
MEMORANDUM OF POINTS & AUTHORITIES

interpleader statute grants district courts original jurisdiction over interpleader actions in which two or more adverse claimants of diverse citizenship claim entitlement to money or property held by the plaintiff. *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1381-82 (9th Cir. 1988); 28 U.S.C. § 1335.

Deposit of the res is not required under rule interpleader. *6247 Atlas Corp. v. Marine Ins. Co.*, 155 F.R.D. 454, 461 (S.D.N.Y. 1994); see Fed. R. Civ. P. 22; *c.f. American Family Mut. Ins. Co. v. Roche*, 830 F.Supp. 1241, 1244-1245 (court given jurisdiction under interpleader statute where there is minimal diversity and stakeholder has deposited res with court). The stakeholder has a right to bring an interpleader action even where some or all of the claims against the stake are prospective. *Livestock Co. v. Keim*, 552 F.2d 1302, 1308 (8th Cir. 1977).

Transamerica has met the requirements for rule interpleader.

A.   <u>Transamerica has a Legitimate Fear of Multiple Litigation or Multiple Liability</u>

To maintain a suit in interpleader, the stakeholder must face a "real and reasonable fear of double liability or vexatious, conflicting claims." *Washington Elec. Coop., Inc. v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677, 679 (2d Cir. 1993).

In this case, the claim by the trustee against one of the claimants to the Annuity presents just such a scenario. The trustee has sued Garcia for, among other things, fraud and undue influence regarding the estate of Woods-Shubin. The time periods alleged in which the purportedly improper influence and the wrongdoing alleged in the other lawsuit took place are the same as when the beneficiary designation was changed to include Garcia. The outcome of the suit against Garcia affects the claims of all three beneficiaries. Should that suit be successful, Garcia would be found to have unduly influenced the decedent. At that time, the other beneficiaries can challenge the validity of the designation of beneficiaries in the Annuity. Transamerica is at risk of a claim that if it pays Garcia now and he is later found to have unduly influenced the deceased, it will have paid the wrong person(s). Thus, the proceeds should be interplead.

GILMORE, WOOD,
VINNARD & MAGNESS
A PROFESSIONAL CORPORATION
P.O. BOX 28907
FRESNO, CA 93729-8907

9210-0\00268898.000                                   4                    1:11-CV-01958-LJO-SKO
MEMORANDUM OF POINTS & AUTHORITIES

B.  **The Claims of Defendants Are Adverse to the Stake and to Each Other**

To be appropriate for interpleader, there must be only a single obligation owed against multiple defendants. *Libby, McNeill & Libby v City Nat'l Bank*, 592 F2d 504, 509 (9th Cir. 1978).

The claims of the beneficiaries are adverse to each other since each is purportedly entitled to a share of the Annuity. The Annuity's proceeds represent a single obligation that may be owed to multiple defendants. The outcome of the dispute between the Defendants does not affect the obligation of Transamerica to pay out the Annuity's benefits.

C.  **Interpleader Should Be Liberally Granted and Transamerica Discharged**

Rule 22 is to be liberally construed to protect the stakeholder from expense of defending the same claim twice and from exposure to double liability. *Underwriters at Lloyd's v. Nichols*, 363 F.2d 357, 363 (8th Cir. 1966). A claimant who has no interest in the stake may deposit the stake with court and withdraw from the proceeding. *Commercial Nat'l Bank v. Demos*, 18 F.3d 485, 487 (7th Cir. 1994). In such cases, the court should readily grant discharge of the stakeholder. *Id.*

Here, the amount owed by Transamerica is not in doubt. Rather, the only question is which of the three defendants is entitled to claim a share and what that share is. Transamerica should not be required to sort out which party is entitled to what share of the proceeds. The annuity is a fixed amount. Once it has deposited the available funds, its obligations are fulfilled.

D.  **Transamerica Should Be Awarded Its Costs and Attorney Fees**

A court may also, in its sound discretion, award to the plaintiff its attorney's fees and costs incurred in filing the interpleader action and pursuing plaintiff's release from liability. *Trustees of Directors Guild of America-Producer Pension Benefits*, 234 F.3d 415, 426 (9th Cir. 2000). Such costs should not be assessed against the stakeholder when it has not been dilatory or guilty of bad faith. *Gelfgren v. Republic Nat'l Life Ins. Co.*, 680 F.2d 79, 81 (9th Cir. 1982).

GILMORE, WOOD,
VINNARD & MAGNESS
A PROFESSIONAL CORPORATION
P.O. BOX 28907
FRESNO, CA 93729-8907

9210-0\00268898.000                    5                    1:11-CV-01958-LJO-SKO
MEMORANDUM OF POINTS & AUTHORITIES

1  Transamerica has done nothing wrong here. Its only obligation is to pay the
2  Annuity. It should not be required to bear the costs and attorneys fees it has incurred to do
3  so. Transamerica requests that it be permitted to pay its fees from the Annuity proceeds
4  and deposit the with the Court the net amount.

III.

CONCLUSION

Plaintiff has a legitimate fear of multiple litigation and the claimants' positions are adversary to each other. Therefore, Plaintiff should be discharged from this action and awarded its costs and fees.

DATED: February 22, 2012      GILMORE, WOOD, VINNARD & MAGNESS

By: _____
David M. Gilmore
Attorneys for Transamerica Life Insurance
Company, an Iowa corporation

GILMORE, WOOD,
VINNARD & MAGNESS
A PROFESSIONAL CORPORATION
P.O. BOX 28907
FRESNO, CA 93729-8907

9210-0\00268898.000

6

1:11-CV-01958-LJO-SKO
MEMORANDUM OF POINTS & AUTHORITIES