## UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY, | CASE NO. 1:11-cv-01958-LJO-SKO |
| Plaintiff, | **ORDER REQUIRING SUPPLEMENTAL BRIEFING AFTER HEARING ON PLAINTIFF'S MOTION FOR DISCHARGE** |
| v. | |
| GARY SHUBIN, et al., | (Docket No. 15) |
| Defendants. | |

## I. INTRODUCTION

On November 23, 2011, Plaintiff Transamerica Life Insurance Company ("Plaintiff") filed a complaint in interpleader, alleging that it believes it may be subject to multiple conflicting claims concerning the distribution of a Life Insurance Annuity ("Annuity") payable on behalf of Annuitant/Owner Jeri Wood-Shubin ("Wood-Shubin"). (Doc. 2). On February 23, 2012, Plaintiff filed a Motion for Order of Discharge and Award of Costs and Attorney Fees, seeking (1) to be discharged as the stakeholder in this interpleader action, (2) an award of costs and attorney's fees from the proceeds of the Annuity, and (3) to deposit the net balance of the Annuity with the Court. (Doc. 15.)

A hearing was held regarding Plaintiff's motion on April 11, 2012, before Magistrate Judge Sheila K. Oberto. Pursuant to the matters raised at the hearing, the Court ORDERS Plaintiff to provide supplemental briefing and information on the issues indicated below.

## II.  DISCUSSION

**A.       Operative Pleading in the State Court Action**

Plaintiff bases its interpleader action on the assertion that it has a real and legitimate fear of multiple litigation with regard to claims against the Annuity. Plaintiff's Director of Post Operations, Tracy Martin ("Martin"), declares that at the time of Wood-Shubin's death there were three Annuity beneficiaries – Defendants James Shubin ("James"), Gary Shubin ("Gary"), and Roberto Garcia ("Garcia" or, collectively, "Defendants"). (Martin Decl., Doc. 16, ¶ 3.) Exhibits to the complaint indicate that Wood-Shubin added Garcia as a beneficiary on July 31, 2008. (Doc. 2-1, pp. 8-10.) Wood-Shubin died on June 29, 2011. (Doc. 2, ¶ 5.) On August 25, 2011, Evelyn Lauderdale, as Trustee of the Jeri L. Shubin 2007 Trust, filed a first amended complaint against Garcia in Fresno County Superior Court, Case No. 11CECG02841, for fraud (intentional misrepresentation), emotional distress, elder abuse, conversion, specific performance, and for an accounting, alleging that Garcia unduly influenced Wood-Shubin due to her dementia and diminished mental and physical capacity. (Doc. 2-1, pp. 26-51; Doc. 18, Exh. 2, pp. 6-31.)

Plaintiff contends that, after reviewing the state court lawsuit, "it appears that the time frame during which the alleged undue influence occurred coincides with the last beneficiary change for the annuity at issue." (Martin Decl., Doc. 16, ¶ 5.) Plaintiff is concerned that "if it paid the annuity out as per the most recent beneficiary statement and it was later established that Mr. Garcia had in fact unduly influenced Ms. Shubin, there was a risk that, at least as to [Mr. Garcia's] portion of the annuity, Transamerica would be at risk of double payment." (Martin Decl., Doc. 16, ¶ 6.)

Plaintiff provided this Court with a copy of the first amended complaint filed in the state court action; however, a review of the Fresno County Superior Court's website indicates that a second amended complaint was filed on December 23, 2011. Plaintiff is thus ORDERED to provide this Court with a copy of the operative complaint in the state court case.

Further, Plaintiff is ORDERED to provide a supplemental brief that explains if there are any changes in the second amended complaint that affect Plaintiff's assertion in this action that Plaintiff could be potentially liable if it pays out a portion of the Annuity to Garcia based on the current beneficiary designation. Plaintiff should clearly set forth how the current dispute against Garcia in Fresno County Superior Court supports Plaintiff's assertion that it at risk of multiple litigation or multiple liability. Plaintiff should also establish whether the Annuity is part of or separate from the state court action, and how a decision in the state court action could affect distribution of the Annuity, i.e., whether there is any challenge as to the Annuity by the Trustee of Wood-Shubin's estate in the state court action.

**B.    Stipulation as to the Portion of the Annuity to be Deposited with the Clerk of the Court**

Plaintiff indicates that the current value of the Annuity is approximately $342,000. (Martin Decl., Doc. 16, ¶ 3.) Plaintiff sought to deposit the full amount of the Annuity, less attorney's fees and costs, with the Clerk of the Court so that the Court would then determine distribution of the funds. (*See* Doc. 17, 6:1-4; Martin Decl., Doc. 16, ¶ 7.) However, Plaintiff has not established that there is a dispute as to the *full amount* of the Annuity, and conceded at the hearing that there is no dispute concerning two-thirds of the Annuity – the amount that is designated to James Shubin and Gary Shubin.

At the hearing, counsel for Plaintiff and Garcia agreed that the only amount potentially in dispute is the one-third share of the Annuity payable to Garcia, plus any proportional share from James Shubin and Gary Shubin of Plaintiff's attorney's fees and costs. Counsel for Plaintiff and Garcia indicated that they would stipulate that Plaintiff should deposit with the Clerk of the Court only the one-third share of the Annuity payable to Garcia, plus any portion of Plaintiff's attorney's fees determined by the Court to be owed by James Shubin and Gary Shubin. Plaintiff and Garcia are thus ORDERED to file a document that memorializes their in-court stipulation.

**C.    Plaintiff's Attorney's Fees and Costs**

Plaintiff's motion requests that Plaintiff be awarded its costs and attorney's fees. (Doc. 17, 5:22-28.) In order for the Court to make a determination regarding Plaintiff's request, Plaintiff is ORDERED to provide a supplemental brief establishing the amount of attorney's fees and costs

sought, substantiated by declarations and other evidence. Plaintiff should include estimates for any additional fees and costs for work still to be performed in this case.

### III. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that within ten (10) days of the date of this order:

1. Plaintiff shall file a copy of the operative pleading in the Fresno County Superior Court case *Evelyn Lauderdale, as Trustee of the Jeri L. Shubin 2007 Trust v. Roberto Garcia*, Case No. 11CECG02841;

2. Plaintiff shall provide a supplemental brief regarding the operative pleading in the Fresno County Superior Court case that:

    (a) Establishes if there are any changes in the second amended complaint that affect Plaintiff's assertion in this action that Plaintiff could be potentially liable if it pays out a portion of the Annuity to Garcia based on the current beneficiary designation;

    (b) Clearly sets forth how the current dispute against Garcia by the Trustee of the Jeri L. Shubin 2007 Trust in Fresno County Superior Court supports Plaintiff's assertion that Plaintiff is at risk of multiple litigation or multiple liability as to the Annuity; and

    (c) Establishes whether the Annuity is part of or separate from the state court action, and how a decision in the state court action may potentially affect distribution of the Annuity;

3. Pursuant to the agreement reached at the hearing held on April 11, 2012, Plaintiff and Garcia shall file a document that memorializes their open-court stipulation that is no dispute as to the amount of the Annuity payable to Gary Shubin and James Shubin, and that Plaintiff should deposit with the Clerk of the Court only the one-third share of the Annuity payable to Garcia, plus any attorney's fees determined by the Court to be owed by Gary Shubin and James Shubin; and

4. Plaintiff shall file a supplemental brief establishing the amount attorney's fees and costs it seeks, including estimates for any additional fees and costs for work still to be performed in this case.

IT IS SO ORDERED.

Dated:   **April 12, 2012**                **/s/ Sheila K. Oberto**
                                                                                    UNITED STATES MAGISTRATE JUDGE