# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY, | CASE NO. 1:11-cv-01958-LJO-SKO |
| Plaintiff, | **ORDER SETTING HEARING FOR DECEMBER 5, 2012** |
| v. | |
| GARY SHUBIN, et al., | |
| Defendants. | |

## I.   INTRODUCTION

This is an interpleader action brought by Plaintiff Transamerica Life Insurance ("Plaintiff"), based on concerns that it may be subject to multiple conflicting claims regarding the distribution of a deferred life insurance annuity ("Annuity") payable on behalf of Annuitant/Owner Jeri Wood-Shubin ("Wood-Shubin").  (Doc. 2.)

For the reasons set forth below, the Court SETS a hearing date on December 5, 2012, at 9:30 a.m. in Courtroom 7 regarding the potential claims to the disputed portion of the Annuity.

## II.   BACKGROUND

**A.   Factual Background**

On November 23, 2011, Plaintiff filed a complaint in interpleader, alleging that on April 27, 1990, Pacific Fidelity Life Insurance Company, now known as Transamerica (Plaintiff), issued the Annuity to Wood-Shubin.  (Doc. 2, ¶ 5.)  Wood-Shubin had filed an Annuity Policy Change Form on July 31, 2008, naming Defendants James Shubin ("James"), Gary Shubin ("Gary")[1], and Roberto

---

[1] The Court means no disrespect to James Shubin and Gary Shubin by referring to them by their given names; however, since they both share the same surname, referring to them by their first names allows for ease of reference.

Garcia ("Garcia" or, collectively, "Defendants") as beneficiaries of the Annuity, each with an equal one-third share. (Doc. 2-1, Exh. B, pp. 8-10.) James and Gary were two of Wood-Shubin's stepsons, and Garcia was allegedly Wood-Shubin's friend and caretaker. (Doc. 2-1, Exh. B, pp. 8-10.) Prior to beneficiary change, James and Gary had been the previous beneficiaries, each with an equal one-half share of the Annuity. (Doc. 2-1, Exh. B, p. 7.)

Wood-Shubin died on June 29, 2011. (Doc. 2, ¶ 5.) Plaintiff alleges that it became aware that on August 25, 2011, a lawsuit had been filed in the Fresno County Superior Court in the case of *Evelyn Lauderdale, as Trustee of the Jeri L. Shubin 2007 Trust, v. Roberto Garcia*, case no. 11 CECG02841, alleging that Garcia had dominated and controlled Wood-Shubin's daily routine and financial affairs and improperly converted Wood-Shubin's assets for Garcia's own benefit. (*See* Doc. 2, ¶ 12, Exh. E; Doc. 30, pp. 5-19.)

Plaintiff's complaint "admits that it owes the distribution of the death benefit proceeds" on the Wood-Shubin's Annuity, but asserts that "due to conflicting claims and the filed lawsuit" against Garcia in Fresno County Superior Court, Plaintiff "is at risk of multiple liability." (Doc. 2, ¶ 14.) Plaintiff thus filed the instant suit, alleging that the proceeds of the Annuity should be subject to interpleader due to concerns that, if the state court lawsuit is successful and Garcia is found to have unduly influenced Wood-Shubin, the other beneficiaries would be able to challenge the validity of the designation of beneficiaries as to the Annuity and Plaintiff would then be liable for having paid the wrong person. (Doc. 17, 4:23-27.)

**B.     Procedural Background**

On November 23, 2011, Plaintiff filed a complaint in interpleader against Defendants Gary, James, and Garcia. (Doc. 2.) Gary was served on December 9, 2011, Garcia was served on December 10, 2011, and James was served on January 19, 2012. (Docs. 7, 8, 14.) Garcia filed an answer on January 3, 2012. (Doc. 9.) James and Gary failed to file responsive pleadings. On January 20, 2012, Plaintiff requested entry of default against Gary, which was entered by the Clerk of the Court on January 23, 2012. (Docs. 10, 11.)

On February 23, 2012, Plaintiff filed a motion for order for discharge and award of costs and attorney fees. (Doc. 15.) No opposition was filed. A hearing was held on April 11, 2012, before

1  Magistrate Judge Sheila K. Oberto. (Doc. 23.)  Although Garcia had not filed a response to
2  Plaintiff's motion, Garcia's counsel was present at the hearing.  On the same day, based on
3  representations made at the hearing, Plaintiff filed a Request for Entry of Default as to James. (Doc.
4  24.)

5  On April 12, 2012, the Court issued an order requiring Plaintiff to submit supplemental
6  briefing regarding issues raised at the hearing, and on April 16, 2012, the Court issued another order
7  requiring Plaintiff to provide supplemental briefing concerning service on James. (Docs. 27, 29.)
8  On April 23, 2012, Plaintiff filed the supplemental information requested by the Court; Plaintiff and
9  Garcia also filed a stipulation that the only portion of the Annuity in dispute was the amount payable
10 to Garcia and that there was no dispute as to the portion of Annuity payable to Gary and James.
11 (Docs. 30-33.)

12 On May 24, 2012, Plaintiff filed a stipulation regarding the validity of service on James, who
13 "acknowledge[d] valid and effective service on him" and thus addressed the Court's concern that
14 James was properly served. (Doc. 34, 1:27; *see also* Doc. 29.)  As such, on May 29, 2012, the Clerk
15 of the Court entered default against James. (Doc. 36.)

16 On July 10, 2012, Magistrate Judge Sheila K. Oberto issued findings and recommendations
17 that Plaintiff's motion for discharge and award of attorney's fees be granted and ordered that Plaintiff
18 serve a copy of the Court's order on Gary and James. (Doc. 39.)  No objections were filed during
19 the objection period.  On August 6, 2012, District Judge Lawrence J. O'Neill issued an order
20 adopting the findings and recommendations and further ordered Plaintiff to deposit one-third of the
21 Annuity (the disputed portion purportedly owed to Garcia) with the Court, to distribute the remaining
22 two-thirds of the Annuity to James and Gary, and to provide the Court with an accounting of the
23 Annuity and with the mailing addresses for James and Gary.

24 On August 24, 2012, Plaintiff deposited $118,467.48 – the disputed funds – with the Court.
25 On September 13, 2012, Plaintiff provided the Court with an accounting of the Annuity and with the
26 mailing addresses of James and Gary. (Docs. 44, 45.)  On October 10, 2012, Plaintiff was
27 discharged and dismissed from this interpleader action. (Doc. 47.)
28

### III.     DISCUSSION

**A.     Legal Standard**

"In an interpleader action, the 'stakeholder' of a sum of money sues all those who might have claim to the money, deposits the money with the district court, and lets the claimants litigate who is entitled to the money." *Cripps v. Life Ins. Co. of N. Am.,* 980 F.2d 1261, 1265 (9th Cir. 1992). As such, the stakeholder forces the potential claimants to litigate who is properly entitled to the fund. *See id.*; *Herman Miller, Inc. Retirement Income Plan v. Magallon*, No. 2:07–cv–00162–MCE–GGH, 2008 WL 2620748, at *1 (E.D. Cal. Jul. 2, 2008); *Metro. Life Ins. Co. v. Billini*, No. CIV. S-06-02918 WBS KJM, 2007 WL 4209405, at *2, (E.D. Cal. Nov. 27, 2007).  "Interpleader's primary purpose is not to compensate, but rather to protect stakeholders from multiple liability as well as from the expense of multiple litigation." *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000) (explaining that interpleaders are "governed by equitable principles") (citations omitted).

"Procedurally, an interpleader action encompasses two stages.  First, the court determines the propriety of interpleading the adverse claimants and relieving the stakeholder from liability.  The second stage involves an adjudication of the adverse claims of the defendant claimants." *Billini*, 2007 WL 4209405, at *2 (internal citations and quotation marks omitted).

**B.     Hearing Set for December 5, 2012, to Determine Adjudication of Potentially Adverse Claims by Defendants**

The Court has conducted the first stage of an interpleader action and has determined that one-third of the Annuity is properly subject to interpleading; Plaintiff has also been dismissed and discharged from liability. (*See* Docs. 38, 39, 46.) As such, the Court must now conduct the second stage of an interpleader action and determine the adjudication of any adverse claims.

To assist in this determination, the Court sets a hearing for **December 5, 2012, at 9:30 a.m., in Courtroom 7**, before Magistrate Judge Sheila K. Oberto.

Defendants seeking to claim any or all of the disputed portion of the Annuity must provide the factual basis for why they believe they are entitled to the proceeds of the one-third of the Wood-Shubin Annuity on deposit with the Court. Defendants are therefore ordered to submit a brief

4

regarding their claims by **no later than November 7, 2012.** Any oppositions by the other claimants are due by November 21, 2012, and any reply briefs are due by November 28, 2012.

The Court notes that Gary and James are both currently in default. (Docs. 11, 36.) As such, if either Gary or James seek to claim any or all of the disputed funds, they would have to each move to set aside their defaults. Thus, if James and/or Gary seek to assert a claim as to the disputed portion of the Wood-Shubin Annuity, they must file, **on or before November 7, 2012**, a motion to set aside the Clerk's entry of default.[2] In this motion, James and/or Gary should set forth an explanation regarding all of the following:

1.  Why they failed to file with the Court a written response to Plaintiff's complaint;
2.  Why they believe they are entitled to any or all of the disputed portion Annuity and the factual basis in support of their claim; and
3.  Why it would not be unfair to Garcia if James and/or Gary were allowed to participate in the lawsuit at this juncture despite the fact that they failed to timely respond to Plaintiff's complaint.[3]

In the event that James and/or Gary files a motion, Garcia will be entitled to file an opposition in accordance with the briefing schedule set forth above.

### IV.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.  **A hearing is set for December 5, 2012, at 9:30 a.m. in Courtroom 7** before Magistrate Judge Sheila K. Oberto regarding the adjudication of the disputed one-third of the Wood-Shubin Annuity currently on deposit with the Court;

---

[2] James and/or Gary may file such a motion by mailing the document to the United States District Court for the Eastern District of California, The Clerk of the Court, 2500 Tulare Street, United States Courthouse, Fresno, California 93721.

[3] "The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). To determine whether good cause exists, the court must consider the following three factors: (1) whether the party seeking default engaged in culpable conduct that led to the default; (2) whether the party seeking default has no meritorious defense; or (3) whether reopening the default would prejudice the other party. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)).

2. Any claimant(s) seeking to claim any or all of the disputed portion of the Annuity must file a brief by **no later than November 7, 2012**, setting forth the factual basis in support of their claim that they are entitled to the proceeds of the Annuity;

3. If either James Shubin and/or Gary Shubin seek to claim any or all of the disputed portion of the Annuity, they must file a Motion to Set Aside the Clerk's Entry of Default by **no later than November 7, 2012**;

4. Any opposition to a claim and/or motion must be filed by **no later than November 21, 2012**;

5. Any reply must be filed by **no later than November 28, 2012**; and

6. The Clerk of the Court is DIRECTED to serve a copy of this order on Gary Shubin and James Shubin as follows:

    a. Gary Shubin
       2515 N. Vagedes
       Fresno, CA 93750

    b. James Shubin
       c/o John Phillips
       Wild, Carter & Tipton
       246 W. Shaw Avenue
       Fresno, CA 93704.

IT IS SO ORDERED.

Dated:   October 18, 2012                    /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE