# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>GARY SHUBIN, et al.,<br><br>    Defendants.<br> / | CASE NO. 1:11-cv-01958-LJO-SKO<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' STIPULATION FOR DISTRIBUTION OF FUNDS AND DISMISSAL OF ACTION**<br><br>(Docket No. 50) |

## I.  INTRODUCTION

This is an interpleader action brought by Plaintiff Transamerica Life Insurance ("Plaintiff"), based on concerns that it may be subject to multiple conflicting claims regarding the distribution of a deferred life insurance annuity ("Annuity") payable on behalf of Annuitant/Owner Jeri Wood-Shubin ("Wood-Shubin").  (Doc. 2.)

On October 25, 2012, Defendants James Shubin ("James"), Gary Shubin ("Gary")[1], and Roberto Garcia ("Garcia," collectively, "Defendants"), the purportedly designated beneficiaries of the Annuity, filed a Stipulation for Distribution of Remaining Funds and Dismissal of Action ("Stipulation").  (Doc. 50.)  For the reasons set forth below, Defendants' request to distribute the remaining funds and to dismiss the action is DENIED without prejudice.

## II.  DISCUSSION

On August 24, 2012, Plaintiff deposited $118,467.48 – the disputed one-third of the Annuity purportedly owed to Garcia – with the Court, and on October 10, 2012, Plaintiff was discharged and

---

[1] The Court means no disrespect to James Shubin and Gary Shubin by referring to them by their given names; however, since they both share the same surname, referring to them by their first names allows for ease of reference.

dismissed from this interpleader action. (Doc. 47.) The Stipulation is between the remaining parties in this action. (Doc. 50.) The Stipulation requests that the disputed funds on deposit with the Court be placed in a trust fund account held by Wild, Cart & Tipton, APC, counsel for James and Gary. (Doc. 50, ¶ 5a.) The Stipulation sets forth that the "funds shall be held therein, in a fiduciary capacity by Wilder, Carter & Tipton, for the benefit of all parties until either a further joint stipulation between the parties for distribution thereof is signed, or Order of the Fresno County Superior Court in consolidated case captioned *Lauderdale v. Garcia*, Fresno County Court Case No. 11CECG02841, regarding disposition of the funds and entitlement thereto." (Doc. 50, ¶ 5a.) The Stipulation further requests that, subsequent to the distribution of the funds, this action be dismissed in its entirety, all remaining proceedings be taken off calendar, and the Court reserve jurisdiction to enforce the Stipulation if necessary. (Doc. 50, ¶ 5b-d.)

The Court has concerns regarding the course of action requested by Defendants. Specifically, neither James nor Gary filed answers in this case, the Clerk of the Court entered default against them (Docs. 11, 36), and, as such, they have no right to appear in this action. Further, the Stipulation indicates that the Fresno County Superior Court may order distribution of the disputed Annuity funds, but it is unclear how the Annuity falls under the purview of the state court.

**A.    Defaulting Defendants May Not Appear in an Action**

Gary and James are currently in default. Gary was served on December 9, 2011, and James was served on January 19, 2012. (Docs. 7, 14.) James and Gary failed to file responsive pleadings. On January 20, 2012, Plaintiff requested entry of default against Gary, which was entered by the Clerk of the Court on January 23, 2012. (Docs. 10, 11.) On April 11, 2012, Plaintiff filed a Request for Entry of Default as to James. (Doc. 24.) Default was entered by the Clerk of the Court on May 29, 2012. (Doc. 36.)

The Clerk of Court's entry of default cuts off a defendant's right to appear in an action. *Clifton v. Tomb*, 21 F.2d 893, 897 (4th Cir.1927); *see also Great Am. Ins. Co. v. M.J. Menefee Const., Inc.*, No. CV F06-0392 AWI DLB, 2006 WL 2522408, at *2 (E.D. Cal. Aug. 29, 2006) ("Entry of a defendant's default cuts off a defendant's right to appear in an action or to present evidence"); *Cohen v. Murphy*, 2004 WL 2779942, *1 (N.D. Cal. 2004) (the same); *Newhouse v.*

1  *Probert*, 608 F. Supp. 978, 985 (D.C. Mich. 1985) ("When a party is in default the party himself has
2  lost his standing in court, cannot appear in any way, cannot adduce any evidence, and cannot be
3  heard at the final hearing"); *In re Uranium Antitrust Litigation*, 473 F. Supp. 382, 386 (D.C. Ill.1979)
4  ("the defaulting defendant loses his standing to defend on the merits . . .").

Here, James and Gary are in default and thus cannot appear.  As such, James and Gary have not established how they can enter into the Stipulation when they are not permitted to appear in this action.

"A defendant's remedy if a defendant wants to set aside default . . . is for the defendant to file a motion to set aside entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure." *Great Am. Ins. Co.*, 2006 WL 2522408, at *2.  James and Gary were previously advised in the October 19, 2012, Court order of the need to move set aside default.  (Doc. 48, 5:3-7 ("The Court notes that Gary and James are both currently in default.  (Docs. 11, 36.)  As such, if either Gary or James seek to claim any or all of the disputed funds, they would have to each move to set aside their defaults.").)  Accordingly, the Court cannot currently consider the Stipulation submitted by Defendants.  James and Gary must either move to set aside default, or establish how they are able to enter into a stipulation in this action when they are not permitted to appear.[2]

### B. Fresno County Superior Court Appears to Lack Authority to Issue an Order on these Disputed Funds

The Stipulation states that following the distribution of the disputed Annuity funds currently deposited with the Court into a trust fund account held by James and Gary's counsel, the funds shall be held in the trust account "for the benefit of all parties until either a further joint stipulation between the parties for distribution thereof is signed, or Order of the Fresno County Superior Court in consolidated case captioned *Lauderdale v. Garcia*, Fresno County Court Case No. 11CECG02841, regarding disposition of the funds and entitlement thereto."  (Doc. 50, ¶ 5a.)  Defendants are also requesting that the instant case be dismissed in its entirety.  (Doc. 50, ¶ 5b.)  As such, it appears that Defendants are implying that the Fresno County Superior Court would issue an

---

[2] If James and Gary elect to file a motion (or motions) to set aside default, and Garcia does not oppose the motion, Garcia may file a Notice of Non-Opposition.

3

order as to the final distribution of the disputed Annuity funds after the resolution of the state court action.

However, the state court action, *Lauderdale v. Garcia*, Fresno County Court Case No. 11CECG02841, was brought by Evelyn Lauderdale, as Trustee of the Jeri L. Shubin 2007 Trust, against Garcia. (*See* Doc. 2-1, pp. 26-51; Doc. 30, pp. 5-39.) As such, neither James nor Gary appear to be parties to the state court action. Further, in a supplemental brief filed on April 23, 2012, by Plaintiff in this action, Plaintiff indicated that "[i]t does not appear that the Transamerica Life Insurance annuity is mentioned in the pending state court complaint. There are no specific allegations that the actions of Mr. Garcia were specifically directed to the annuity or to the designation of beneficiaries under the annuity." (Doc. 30, 2:26-3:1.) Thus, the Annuity funds in dispute in this action do not appear to fall within the issues and funds disputed in the state court action.

The Stipulation submitted in this action does not establish, if the instant action is dismissed as requested and the disputed Annuity funds are deposited in a trust account with Plaintiff's counsel, how the Fresno County Superior Court would have the authority to issue an order as to the Annuity funds distribution, especially since it is not clear that the state court is aware of the existence of the disputed Annuity funds. Additionally, Defendants have failed to submit an order from the state court indicating its willingness to accept jurisdiction and issue orders over the disputed Annuity funds. Currently, Defendants' Stipulation does not explain, if the instant action is dismissed in its entirety, who would have the authority to issue an order regarding the final distribution of the disputed Annuity funds, even if Defendants agree to a stipulation regarding the final distribution.

In sum, the Stipulation, in its current form, does not clearly set forth how either the state court or this Court could authorize the final distribution of the disputed Annuity funds, since the state court lacks authority over the funds and this Court would have dismissed the case in its entirety. Accordingly, the Court cannot approve the Stipulation as currently submitted. The Court is willing to consider a renewed Stipulation if the parties can correct the defects set forth above.

### III.   CONCLUSION AND ORDER

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendants' Stipulation for Distribution of Remaining Funds and Dismissal of Action is DENIED without prejudice;

2. All currently scheduled proceedings in this action remain on calendar;

3. The briefing schedule set forth October 19, 2012, Court order (Doc. 48) regarding the December 5, 2012, hearing remains in effect; and

4. The Clerk of the Court is DIRECTED to serve a copy of this order on Gary Shubin and James Shubin as follows:

   a.   Gary Shubin
        2515 N. Vagedes
        Fresno, CA 93750

   b.   James Shubin
        c/o John Phillips
        Wild, Carter & Tipton
        246 W. Shaw Avenue
        Fresno, CA 93704

IT IS SO ORDERED.

**Dated:**   October 31, 2012                              /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE