# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY, | CASE NO. 1:11-cv-01958-LJO-SKO |
| Plaintiff, | **ORDER GRANTING STIPULATION TO SET ASIDE THE DEFAULTS OF DEFENDANTS GARY SHUBIN AND JAMES SHUBIN** |
| v. | |
| GARY SHUBIN, et al., | (Docket No. 52) |
| | |
| Defendants. | **ORDER DENYING AS MOOT THE MOTION TO SET ASIDE DEFAULT OF DEFENDANTS GARY SHUBIN AND JAMES SHUBIN** |
| | (Docket No. 53) |
| | |
| | **ORDER REQUIRING DEFENDANTS TO FILE A RENEWED STIPULATION FOR DISTRIBUTION OF FUNDS AND DISMISSAL OF ACTION** |
| _____/ | |

## I.   INTRODUCTION

This is an interpleader action brought by Plaintiff Transamerica Life Insurance ("Plaintiff"), based on concerns that it may be subject to multiple conflicting claims regarding the distribution of a deferred life insurance annuity ("Annuity") payable on behalf of Annuitant/Owner Jeri Wood-Shubin ("Wood-Shubin").  (Doc. 2.)

On October 25, 2012, Defendants James Shubin ("James"), Gary Shubin ("Gary")[1], and Roberto Garcia ("Garcia," collectively "Defendants"), the purportedly designated beneficiaries of the

---

[1] The Court means no disrespect to James Shubin and Gary Shubin by referring to them by their given names; however, since they both share the same surname, referring to them by their first names allows for ease of reference.

1

Annuity, filed a Stipulation for Set Aside of Defaults and Filing of Proposed Answers of Defendants Gary Shubin and James Shubin.  (Doc. 52.)  James and Gary also filed a Motion to Set Aside Default on November 7, 2012.  (Doc. 53)

For the reasons set forth below, Defendants' Stipulation to Set Aside James and Gary's Defaults is GRANTED and the Motion to Set Aside Default is thus MOOT.  Further, the Court ORDERS Defendants to file a renewed Stipulation for Distribution of Remaining Funds and Dismissal of Action or file separate briefing informing the Court of the current status of this action and why a stipulation is no longer feasible.

## II.    BACKGROUND

### A.    Factual Background

On November 23, 2011, Plaintiff filed a complaint in interpleader, alleging that on April 27, 1990, Pacific Fidelity Life Insurance Company, now known as Transamerica (Plaintiff), issued the Annuity to Wood-Shubin.  (Doc. 2, ¶ 5.)  Wood-Shubin had filed an Annuity Policy Change Form on July 31, 2008, naming Defendants James, Gary, and Garcia as beneficiaries of the Annuity, each with an equal one-third share.  (Doc. 2-1, Exh. B, pp. 8-10.)  James and Gary were two of Wood-Shubin's stepsons, and Garcia was allegedly Wood-Shubin's friend and caretaker.  (Doc. 2-1, Exh. B, pp. 8-10.)  Prior to beneficiary change, James and Gary had been the previous beneficiaries, each with an equal one-half share of the Annuity.  (Doc. 2-1, Exh. B, p. 7.)

Wood-Shubin died on June 29, 2011.  (Doc. 2, ¶ 5.)  Plaintiff alleges that it became aware that on August 25, 2011, a lawsuit had been filed in the Frenso County Superior Court in the case of *Evelyn Lauderdale, as Trustee of the Jeri L. Shubin 2007 Trust, v. Roberto Garcia*, case no. 11 CECG02841, alleging that Garcia had dominated and controlled Wood-Shubin's daily routine and financial affairs and improperly converted her assets for Garcia's own benefit.  (*See* Doc. 2, ¶ 12, Exh. E; Doc. 30, pp. 5-19.)

Plaintiff's complaint "admits that it owes the distribution of the death benefit proceeds" on the Wood-Shubin's Annuity, but asserts that "due to conflicting claims and the filed lawsuit" against Garcia in Fresno County Superior Court, Plaintiff "is at risk of multiple liability."  (Doc. 2, ¶ 14.) Plaintiff thus filed the instant suit, alleging that the proceeds of the Annuity should be subject to

1  interpleader due to concerns that, if the state court lawsuit is successful and Garcia is found to have

2  unduly influenced Wood-Shubin, the other beneficiaries would be able to challenge the validity of

3  the designation of beneficiaries as to the Annuity, and Plaintiff would then be liable for having paid

4  the wrong person.  (Doc. 17, 4:23-27.)

5  **B.    Procedural Background**

6       On November 23, 2011, Plaintiff filed a complaint in interpleader against Defendants Gary,

7  James, and Garcia.  (Doc. 2.)  Gary was served on December 9, 2011, Garcia was served on

8  December 10, 2011, and James was served on January 19, 2012.  (Docs. 7, 8, 14.)  Garcia filed an

9  answer on January 3, 2012.  (Doc. 9.)  James and Gary failed to file responsive pleadings.  On

10 January 20, 2012, Plaintiff requested entry of default against Gary, which was entered by the Clerk

11 of the Court on January 23, 2012.  (Docs. 10, 11.)

12      On February 23, 2012, Plaintiff filed a motion for order for discharge and award of costs and

13 attorney fees.  (Doc. 15.)  No opposition was filed.  A hearing was held on April 11, 2012, before

14 Magistrate Judge Sheila K. Oberto.  (Doc. 23.)   Although Garcia had not filed a response to

15 Plaintiff's motion, Garcia's counsel was present at the hearing.  On the same day, based on

16 representations made at the hearing, Plaintiff filed a Request for Entry of Default as to James.  (Doc.

17 24.)

18      On April 12, 2012, the Court issued an order requiring Plaintiff to submit supplemental

19 briefing regarding issues raised at the hearing, and on April 16, 2012, the Court issued another order

20 requiring Plaintiff to provide supplemental briefing concerning service on James.  (Docs. 27, 29.)

21 On April 23, 2012, Plaintiff filed the supplemental information requested by the Court at the

22 April 11, 2012, hearing; Plaintiff and Garcia also filed a stipulation setting forth that the only portion

23 of the Annuity in dispute was the amount payable to Garcia and that there was no dispute as to the

24 portion of Annuity payable to Gary and James.  (Docs. 30-33.)

25      On May 24, 2012, Plaintiff filed a stipulation regarding the validity of service on James, who

26 "acknowledge[d] valid and effective service on him" and thus addressed the Court's expressed

27 concern that James was properly served.  (Doc. 34, 1:27; *see also* Doc. 29.)  As such, on May 29,

28 2012, the Clerk of the Court entered default against James.  (Doc. 36.)

1    On July 10, 2012, Magistrate Judge Oberto issued findings and recommendations that

2 Plaintiff's motion for discharge and award of attorney's fees be granted and ordered that Plaintiff

3 serve a copy of the Court's order on Gary and James. (Doc. 39.)  No objections were filed during

4 the objection period.  On August 6, 2012, District Judge Lawrence J. O'Neill issued an order

5 adopting the findings and recommendations and further ordered Plaintiff to deposit one-third of the

6 Annuity (the disputed portion purportedly owed to Garcia) with the Court, to distribute the remaining

7 two-thirds of the Annuity to James and Gary, and to provide the Court with an accounting of the

8 Annuity and with the mailing addresses for James and Gary.

9    On August 24, 2012, Plaintiff deposited $118,467.48 – the disputed funds – with the Court.

10 On September 13, 2012, Plaintiff provided the Court with an accounting of the Annuity and with the

11 mailing addresses of James and Gary.  (Docs. 44, 45.)   On October 10, 2012, Plaintiff was

12 discharged and dismissed from this interpleader action.  (Doc. 47.)

13    On October 19, 2012, the Court set a hearing set for December 5, 2012, to allow the

14 claimants to the Annuity to set forth their claims and requiring James and Gary to move to set aside

15 default prior to appearing in this action.  (Doc. 48.)  On October 25, 2012, Defendants filed a

16 Stipulation for Distribution of the Remaining Funds and Dismissal of Action, requesting that the

17 action be dismissed and the Court distribute the disputed funds in a trust account belonging to

18 counsel for James and Gary, indicating that future distribution of the funds would be decided at a

19 later time by either a future stipulation or by an order issued from the Fresno County Superior Court.

20 (Doc. 50.)   The Court denied without prejudice the Defendants' stipulation to distribute the

21 remaining funds and dismiss the action, finding that James and Gary were still in default in this

22 action and thus could not appear, and that the Fresno County Superior Court appeared to lack

23 authority to issue an order regarding the disputed funds.  (Doc. 51.)

24    On October 25, 2012, Defendants filed the Stipulation for Set Aside of Defaults of James and

25 Gary, and on November 7, 2012, James and Gary filed a motion to set aside default.  (Doc. 52, 53.)

26 ///

27 ///

28 ///

4

1

### III.    DISCUSSION

2

**A.    The Defaults of James Shubin and Gary Shubin are Set Aside**

3      Defendants' Stipulation for Set Aside of Defaults and Filing of Proposed Answers of

4   Defendants Gary Shubin and James Shubin states that "[i]n the interests of judicial economy, the

5   parties desire to set aside the default as to Gary Shubin, which was entered by the Clerk of this Court

6   on January [23], 2012 (USDC Docket Filings 10, 11), and the default as to James Shubin which was

7   entered by the Clerk of this Court on May 29, 2012 (USDC Docket Filings 36)." (Doc. 52, ¶ 9.)

8      As noted above, Plaintiff was discharged and dismissed from this action, and thus is no

9   longer a party and is not required to enter into this stipulation. Defendant Garcia is the only party

10  currently remaining in the action and has agreed to the Stipulation for Set Aside of Default as to Gary

11  and James.  Accordingly, as the only party currently appearing in this action has agreed to the

12  stipulation, the Court GRANTS the stipulation and ORDERS that the defaults of James Shubin and

13  Gary Shubin are set aside. The Court further ORDERS that  Gary and James file their answer to the

14  complaint in interpleader, attached to Doc. 52, as a separate filing on the docket within two (2) days

15  of the date of this order. James and Gary's separate Motion to Set Aside Entry of Default (Doc. 53)

16  is thus MOOT.[2]

17

**B.    Further Proceedings in this Action**

18     James and Gary's Motion to Set Aside Entry of Default contends the Annuity is addressed

19  in the Third Amended Complaint in the state court action, and that "[w]hat is at issue . . . is whether

20  or not the transfer of the interest in this account to Roberto Garcia is a disqualified transfer under the

21

22      [2] The Court notes that James and Gary's Motion to Set Aside Default establishes that there is good cause to set

23  aside default.  *See* Federal Rules of Civil Procedure Rule 55(c) ("The court may set aside an entry of default for good
    cause . . . .")  To determine whether good cause exists, the court must consider the following three factors: (1) whether

24  the party seeking default engaged in culpable conduct that led to the default; (2) whether the party seeking default has
    no meritorious defense; or (3) whether reopening the default would prejudice the other party.  *United States v. Signed*

25  *Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)).

26      James and Gary's motion indicates that they had no culpable conduct that led to default and that their counsel
    had been "actively negotiating for a global settlement"; that they have a meritorious defense and that the determination

27  of this claim should be made pursuant to the state court action; and that Garcia would not be prejudiced by setting aside
    James and Gary's defaults.  They further contend that the failure to set aside the defaults would be an injustice.

28  (Doc. 53-2.)  As such, James and Gary's Motion to Set Aside Default addresses the required factors and establishes that
    setting aside their defaults is proper.

1  California Probate Code § 21350, et seq." (Doc. 53-2, 4:21-23; *see also* Doc. 53-4 (Third Amended

2  Complaint for Damages filed in Fresno County Superior Court, case no. 11CECG02841).)  James

3  and Gary therefore contend that the determination of the Annuity "should be pursuant to the State

4  Court Action . . . wherein the parties are litigating their various claims to this account." (Doc. 53-2,

5  4:25-26; *see also* Doc. 53-4, Third Amended Complaint, p. 1 (indicating that James and Gary are

6  plaintiffs in the state court action), p. 13, Disqualified Transfer #9 (indicating that the Annuity that

7  is the subject of this interpleader action is also subject to determination in the state court action).)

8         The Court notes that Defendants filed a Stipulation for Distribution of Remaining Funds and

9  Dismissal of the Action and requested that the disputed funds from the Annuity on deposit with this

10  Court "be distributed by the Clerk of the Court to the Trust Fund of Account of Wild, Carter &

11  Tipton, APC" to be held "in a fiduciary capacity . . . for the benefit of all parties until either joint

12  stipulation between the parties for distribution is thereof signed; or Order of the Fresno County

13  Superior Court in consolidated case captioned *Lauderdale v. Garcia*, Fresno County Superior Court

14  Case No. 11CECG02841, regarding disposition of the funds and entitlement thereto." (Doc. 50,

15  ¶ 5a.)  The Court denied without prejudice Defendants' stipulation for two reasons: (1) Gary and

16  James were in default and defaulting defendants may not appear in an action, and (2) the Fresno

17  County Superior Court appeared to lack authority to issue an order on the disputed funds. (Doc. 51.)

18         As noted above, default as to James and Gary is set aside.  As such, the remaining issue is

19  the jurisdiction of the Fresno County Superior Court.  The Court relied upon the information that was

20  before it when determining that the state court appeared to lack authority to issue an order as to the

21  disputed Annuity funds.  Specifically, the Court noted that

22         the state court action, Lauderdale v. Garcia, Fresno County Court Case No.
          11CECG02841, was brought by Evelyn Lauderdale, as Trustee of the Jeri L. Shubin

23         2007 Trust, against Garcia. (See Doc. 2-1, pp. 26-51; Doc. 30, pp. 5-39.) As such,
          neither James nor Gary appear to be parties to the state court action. Further, in a

24         supplemental brief filed on April 23, 2012, by Plaintiff in this action, Plaintiff
          indicated that "[i]t does not appear that the Transamerica Life Insurance annuity is

25         mentioned in the pending state court complaint. There are no specific allegations that
          the actions of Mr. Garcia were specifically directed to the annuity or to the

26         designation of beneficiaries under the annuity." (Doc. 30, 2:26-3:1.) Thus, the
          Annuity funds in dispute in this action do not appear to fall within the issues and

27         funds disputed in the state court action.

28  (Doc. 51, 4:3-12.)

1  James and Gary's Motion to Set Aside Default (Doc. 53) provides additional information that
2  was not known to the Court at the time the Stipulation for Distribution of Remaining Funds and
3  Dismissal of the Action (Doc. 50) was denied without prejudice.  Specifically, the Declaration of
4  John W. Phillips provides a copy of the Third Amended Complaint, the operative pleading in the
5  state court action, which sets forth that James and Gary are now plaintiffs in the state court action
6  and that the disputed funds from the Annuity are being contested in that case.  (Doc. 53-3, ¶¶ 2-4;
7  Doc. 53-4, pp. 1, 13.)  As such, it appears that the state court has jurisdiction to issue a decision on
8  the disputed Annuity funds.

9  Based upon this newly provided information, the Court is inclined to agree with the
10  Defendants' request that the disposition of the disputed Annuity funds be handled as part of the state
11  court proceedings.  The Annuity is just one of many transfers to Garcia that are disputed by the
12  plaintiffs in the state court action.  (*See* Doc. 53-4, pp. 13-15 (identifying 26 disputed transfers,
13  including the Annuity at issue here (identified in the state court action as Disqualified Transfer #9).)
14  To ensure that different courts do not reach different outcomes based on the same facts, judicial
15  economy is best served by having the Fresno County Superior Court handle the determination of the
16  final disposition of the disputed Annuity funds and by dismissal of this case.

17  The Court, however, will *not* order that the disputed Annuity funds be distributed to a trust
18  account held by Wild, Carter & Tipton, APC, counsel for James and Gary.  California Code of Civil
19  Procedure Section 386 pertains to interpleaders and provides that disputed funds may be deposited
20  with the clerk of the court.  This statute has been interpreted to allow funds to be deposited with the
21  court at time during the proceeding without a prior court order.  *See Wells Fargo Bank, N.A. v.*
22  *Zinnel*, 125 Cal. App. 4th 393, 403 (2004).  As such, the Court will only authorize the distribution
23  of the disputed Annuity funds to the clerk of the court for the Fresno County Superior Court.

24  Accordingly, the Court ORDERS that, within fourteen (14) days of the date of this order, the
25  parties file a renewed Stipulation for Distribution of Funds and Dismissal of Action and Proposed
26  Order pursuant to the terms set forth in this order.  If Defendants no longer agree to stipulate to the
27  distribution of the disputed Annuity funds and the dismissal of the instant action, then Defendants
28

should file separate briefing informing the Court of the current status of this action and why a stipulation is no longer feasible.

**III.    CONCLUSION AND ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.    Defendants' Stipulation for Set Aside of Defaults (Doc. 52) for Defendants Gary Shubin and James Shubin is GRANTED;

2.    The Clerk of the Court is DIRECTED to set aside the defaults of Defendants Gary Shubin and James Shubin;

3.    Gary Shubin and James Shubin shall FILE their answer within two (2) days of the date of this order;

4.    The Motion to Set Aside Defaults (Doc. 53) is MOOT; and

5.    Within fourteen (14) days of the date of this order, Defendants shall FILE either:

   a.    A renewed Stipulation for Distribution of Funds and Dismissal of Action and Proposed Order that complies with the terms set forth in this order; or

   b.    Separate briefs informing the Court of the current status of this action and why a stipulation is no longer feasible.

IT IS SO ORDERED.

**Dated:    December 6, 2012                            /s/ Sheila K. Oberto**
                                            UNITED STATES MAGISTRATE JUDGE